UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTARES REINSURANCE COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL TRANSPORTATION ASSOCIATES, INC., et al.,<br><br>Defendants. | Case No. 23-cv-00113-JST<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: ECF No. 26 |

Before the Court is Defendants' motion to transfer venue. ECF No. 26. The Court will grant the motion.

I.     **BACKGROUND**

Plaintiff Antares Reinsurance Company Limited ("Antares") is a reinsurance corporation organized in Bermuda. ECF No. 1 ¶¶ 1, 10. Defendant National Transportation Associates, Inc. ("NTA") and Defendant Superior Risk Management, Inc. ("SRM") are affiliate companies organized in California. ECF No. 1 ¶¶ 2-3, 43. SRM and NTA maintain corporate offices in Pleasanton, California, and Westlake, Texas. ECF No. 1 ¶¶ 2-3; ECF No. 28 ¶ 5.

In May 2017, United Specialty Insurance Company ("USIC"), which is not a party to this suit, entered into two reinsurance agreements with NTA: the Quota Share Agreement ("QSA") and the General Agency Agreement ("GAA"). ECF No. 1 ¶ 9. Antares and other reinsurance companies are parties to both the QSA and the GAA. ECF No. 1 ¶ 10. Both agreements contain a forum-selection clause which states:

> This agreement shall be deemed performable at the Company's administrative office in Bedford, Texas, and it is agreed that the venue of any controversy arising out of this Agreement, or [any breach

thereof/for the breach thereof],[1] shall be in Tarrant County, Texas. ECF Nos. 28-1 at 22; ECF No. 28-2 at 13.

In July 2021, USIC filed suit against SRM in the Northern District of California. *United Specialty Ins. Co. v. Superior Risk Mgmt., Inc.* ("USIC Action"), No. 21-cv-05662 (N.D. Cal. July 31, 2021), ECF No. 1. In that case, NTA filed a third-party complaint against Antares.[2] *USIC Action*, No. 21-cv-05662, ECF No. 66. NTA's third-party complaint asserts that jurisdiction in the Northern District of California is proper for the "instant action." *Id.* For the purposes of the USIC Action, Antares, NTA, and USIC executed a venue stipulation, which states, in relevant part:

> [T]he Parties waive the Tarrant County, Texas venue selection provisions set forth above in the GAA and [QSA] solely for the purposes of the Current Dispute and agree that the United States District Court for the Northern District of California is the appropriate venue for resolution of the Current Dispute and any related matters that arise from the Current Dispute. All other arguments, rights and defenses of the Parties are unaffected by this stipulation and agreement. Nothing herein shall be construed as: 1) a waiver of the venue selection provisions set forth above in the GAA and [QSA] for any other claim or dispute among the Parties; or 2) as a waiver of any other terms, obligations and/or conditions set forth in the GAA and [QSA].

ECF No. 28-4 at 3. The USIC Action remains pending.

On January 10, 2023, Antares initiated the present action against NTA and SRM in the Northern District of California, alleging wrongdoing arising from the QSA and GAA, including breach of those agreements. *Id.*

On April 14, 2023, NTA and SRM filed the instant motion to transfer venue. ECF No. 26. Antares opposes the motion. ECF No. 41.

**II.    JURISDICTION**

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**III.   LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may

---

[1] The language of the forum-selection clauses varies minimally: the QSA uses "or any breach thereof," while the GAA uses "or for the breach thereof." ECF Nos. 28-1 at 22; ECF No. 28-2 at 13.

[2] Antares was previously known as Qatar Reinsurance Company Limited and is so named in the USIC Action. No. 21-cv-05662, ECF No. 1 at 2.

transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  Where the parties' contract contains a valid forum-selection clause, "Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).

Generally, in evaluating a motion to transfer under Section 1404(a), the court considers whether venue would be proper in the transferee district, then weighs the convenience of parties, the convenience of witnesses, and the interest of justice. 28 U.S.C. § 1404(a).  Where there is a forum-selection clause, however, the plaintiff bears the burden of showing why the court should not transfer the case to the agreed-upon forum, and the court "should not consider arguments about the parties' private interests." *Atl. Marine*, 571 U.S. at 63-64.  "[A] proper application of [Section] 1404(a) requires that a valid forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

## IV.     DISCUSSION

SRM and NTA argue that venue is proper in the Northern District of Texas, and that the forum-selection clause is mandatory, valid, and applicable to this action.  Antares does not dispute that venue is proper in the Northern District of Texas, or that the forum-selection clause is mandatory, valid, and applicable.  Rather, Antares argues that SRM and NTA should be judicially estopped from enforcing the forum-selection clause because they alleged venue was proper in the Northern District of California in the USIC Action.

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (alteration in original) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).  In determining whether to apply judicial estoppel, courts should consider: (1) whether the "party's later position [is] clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in

3

1  persuading a court to accept that party's earlier position, so that judicial acceptance of an
2  inconsistent position in a later proceeding would create the perception that either the first or the
3  second court was misled"; and (3) "whether the party seeking to assert an inconsistent position
4  would derive an unfair advantage or impose an unfair detriment on the opposing party if not
5  estopped." *Id.* at 750-51.

6  Antares argues that, by filing its third-party complaint in the Northern District of
7  California in the USIC Action, NTA "[i]mplicitly . . . admitted . . . that the forum[-]selection
8  clause did not apply to require that such claims be filed in Texas," which is inconsistent with
9  Defendants' current argument concerning the scope of the forum-selection clause. ECF No. 45 at
10 7. The third-party complaint was filed pursuant to a limited venue stipulation, in which NTA and
11 Antares "waive[d] the [forum-selection clause] solely for the purposes of the Current Dispute"—
12 the USIC Action—and which provided that "[n]othing herein shall be construed as [] a waiver of
13 the [forum-selection clause] for any other claim or dispute among the Parties." ECF No. 28-4.
14 Antares does not challenge the validity or scope of this waiver. NTA thus filed the third-party
15 complaint in the USIC Action pursuant to a valid, limited, and express waiver, in which all parties
16 agreed that the forum-selection clause would not require that particular dispute to be litigated in
17 Texas. Where two parties agree to waive a forum-selection clause for a particular dispute, it is not
18 "clearly inconsistent" to enforce the forum-selection clause as to another dispute outside the scope
19 of that waiver. *New Hampshire*, 532 U.S. at 750. Accordingly, the Court finds that the first
20 consideration counsels against the application of judicial estoppel.

21 Further, the third-party complaint in the USIC Action was voluntarily dismissed without
22 prejudice. Because no Court ruled on the allegations in that complaint, there is no risk that
23 "judicial acceptance of an inconsistent position in a later proceeding would create the perception
24 that either the first or the second court was misled." *New Hampshire*, 532 U.S. at 750. The
25 second consideration thus also counsels against the application of judicial estoppel.

26 Finally, Antares argues that Defendants gain an unfair advantage by expressly waiving the
27 forum-selection clause for claims in the USIC Action but asserting its validity in the instant action,
28 because both complaints involve claims arising out of the relevant contracts. ECF No. 45 at 7.

4

But the parties entered into a venue stipulation which expressly waived the forum-selection clause for the USIC Action and agreed that the Northern District of California would be the appropriate venue for the USIC Action "and any related matters that arise from the [USIC Action.]" ECF No. 28-4 at 3. Antares does not contend that this action is a related matter that arises from the USIC Action. Pursuant to the venue stipulation, all other claims and disputes remain governed by the forum-selection clause. The Court is not persuaded that the position Defendants assume is inconsistent or grants them an unfair advantage. *New Hampshire*, 532 U.S. at 751.

The Court concludes that judicial estoppel is inapplicable here, and that Antares has not met its burden of showing why the Court should not transfer this case. *Atl. Marine*, 571 U.S. at 63-64.

**CONCLUSION**

Defendants' motion to transfer venue is granted. The Clerk is directed to transfer the case to the Northern District of Texas, Fort Worth Division.

**IT IS SO ORDERED.**

Dated: September 7, 2023



_____
JON S. TIGAR
United States District Judge